Fein, Such & Crane, LLP v Buczek (2026 NY Slip Op 50018(U))

[*1]

Fein, Such & Crane, LLP v Buczek

2026 NY Slip Op 50018(U)

Decided on January 9, 2026

Supreme Court, Erie County

Walter, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 9, 2026
Supreme Court, Erie County

Fein, Such & Crane, LLP, et al, Plaintiffs,

againstShane Christopher Buczek, Defendant.

Index No. 805292/2024

Joseph M Shur, EsqRelin, Goldstein & Crane, LLPAttorney for PlaintiffsShane Christopher BuczekPro Se

Raymond W. Walter, J.

In addition to oral arguments held on January 8, 2026, the following documents were read and considered on Plaintiff's motion for summary judgment and Defendant's cross motion for summary judgment pursuant to CPLR § 3212,: NYSCEF Document Numbers 32 through 59.
The above-entitled action was commenced pursuant to New York Civil Rights Law §§ 70-a and 76-a, commonly referred to as the anti-SLAPP (Strategic Lawsuit Against Public Participation) statute. Plaintiffs move for summary judgment, and Defendant Buczek, inter alia, cross-moves for summary judgment.
As a preliminary matter, Defendant improperly filed two exhibits in his opposition papers, NYSCEF Doc Nos 55 and 56, that plainly violate New York Judiciary Law § 90 and are hereby stricken and sealed from the record.
New York's anti-SLAPP statute reflects a legislative determination to protect the exercise of free speech and petitioning activity on matters of public concern from retaliatory litigation. Civil Rights Law § 76-a defines the category of actions subject to the statute as claims based upon a defendant's exercise of the constitutional rights of free speech or petition in connection with an issue of public interest. In 2020, the Legislature substantially expanded the scope of the statute, clarifying that "public interest" is to be construed broadly and is not limited to statements made in the context of governmental proceedings, permit applications, or official reviews. The statute now encompasses speech and expressive conduct occurring in public forums, the media, and other channels through which individuals participate in public discourse, regardless of whether the plaintiff is a governmental or private actor. The statute nevertheless expressly excludes matters that are purely private in nature.
In most cases, the anti-SLAPP statute is invoked defensively, where a plaintiff seeks to punish a defendant for engaging in protected speech or petitioning activity. Under Civil Rights Law § 70-a, once a claim is deemed to fall within § 76-a, the plaintiff bears a heightened burden of demonstrating that the action has a substantial basis in law and is not intended to harass, intimidate, punish, or otherwise inhibit the exercise of protected rights. The statute is designed to facilitate early judicial intervention and authorizes dismissal, as well as the imposition of costs, [*2]attorneys' fees, and, in appropriate cases, compensatory or punitive damages. Read together, §§ 76-a and 70-a establish a robust framework favoring early resolution of speech-chilling claims and reflect a strong public policy in favor of open and uninhibited debate on matters of public interest.
In the instant action, Plaintiffs seek to recover attorneys' fees incurred in defending against lawsuits commenced by Defendant in both state and federal court, which Plaintiffs contend were intended to harass, intimidate, and punish them for engaging in standard legal representation in the prosecution of a foreclosure action against Defendant's mother. Both underlying lawsuits were dismissed. The federal district court found Defendant's action to be frivolous (NYSCEF Doc. No. 17), and this Court likewise dismissed Defendant's state court action for failure to state a cause of action, noting that Defendant was "needlessly litigious" (NYSCEF Doc. No. 19).
Plaintiffs argue that their conduct constituted protected "public petition and participation", and that Defendant cannot demonstrate a substantial basis for his prior lawsuits. In support, Plaintiffs rely on several First Department decisions applying the expanded anti-SLAPP statute. In 215 W 84th St Owner LLC v Bailey (217 AD3d 488 [1st Dept 2025]), the First Department held that an attorney's public statements to the media concerning alleged harassment of a tenant by a real estate developer constituted speech on a matter of public interest, transforming what might otherwise be a private landlord-tenant dispute into protected public participation. Similarly, in Sharp v Bar Fluid LLC (237 AD3d 628 [1st Dept 2025]), the court held that a third-party complaint against an attorney was barred by the anti-SLAPP statute where it targeted the attorney's authorship of pleadings and public statements to community members regarding the underlying litigation. In Aristocrat Plastic Surgery, PC v Silva (206 AD3d 26 [1st Dept 2022]), the court held that a defendant's negative online reviews constituted speech on a matter of public interest, thereby triggering the protections of Civil Rights Law § 76-a.
Those cases, however, are materially distinguishable from the matter presently before the Court. In each, the defendant engaged in public-facing speech, whether through the media, community outreach, or online platforms, that placed the dispute into the realm of public discourse. Here, by contrast, Plaintiffs do not allege that Defendant made any public statements or engaged in any expressive conduct that transformed this dispute into one of public interest. Plaintiffs' claim rests solely on the contention that Defendant's lawsuits were motivated by Plaintiffs' representation of their client in a private foreclosure action. While that representation may have been the catalyst for Defendant's litigation, it does not, without more, constitute speech or petitioning activity in connection with an issue of public interest within the meaning of Civil Rights Law § 76-a (1)(d). Rather, the dispute remains a purely private matter between the parties.
Accordingly, Plaintiffs have failed to establish that this action falls within the scope of the anti-SLAPP statute, and the heightened burdens and remedies set forth in Civil Rights Law § 70-a are therefore inapplicable.
Accordingly, it is hereby
ORDERED that Plaintiffs' motion for summary judgment is DENIED; and it is further
ORDERED that Defendant's cross-motion for summary judgment is GRANTED, and the Complaint is dismissed in its entirety; and it is further
ORDERED that NYSCEF Doc Nos 55 and 56, are hereby stricken and sealed from the record
ORDERED that any relief not expressly addressed herein has nonetheless been considered and is hereby denied; and it is further
ORDERED that this constitutes the Decision and Order of the Court.
Dated: January 9, 2026Raymond W. Walter, J.S.C.